**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

February 14, 2024

Peter J. Walsh, Jr.
Michael A. Pittenger
Hayden J. Driscoll
Potter Anderson & Corroon LLP
1313 N. Market Street, 6th Floor
Wilmington, DE 19801

Samuel D. Cordle
Peter C. Cirka
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

Michael A. Barlow
Quinn Emanuel Urquhart
& Sullivan, LLP
500 Delaware Avenue, Suite 220
Wilmington, DE 19801

> Re:   *Charlie Javice v. JPMorgan Chase Bank, N.A., et al.*,
>        C.A. No. 2022-1179-KSJM

Dear Counsel:

This letter resolves Plaintiff Charlie Javice's Motion for Payment of Unresolved Advancement Amounts (the "Rule 88 Motion").[1]

By way of background, I granted the plaintiff's claim for advancement on May 8, 2023 ("May 8 Ruling").[2] The parties later agreed on a form of *Fitracks* Order implementing the May 8 Ruling, which I entered on June 27, 2023.[3] The plaintiff submitted her initial demand pursuant to the *Fitracks* Order on June 28, 2023,

---

[1] C.A. No. 2022-1179-KSJM, Docket ("Dkt.") 80 ("Pl.'s Opening Br.").

[2] Dkt. 61 (Del. Ch. May 8, 2023) (TRANSCRIPT), *application for certification of interlocutory appeal denied*, 2023 WL 4561017 (Del. Ch. July 13, 2023), *interlocutory appeal refused*, 303 A.3d 616 (Del. Aug. 16, 2023) (TABLE).

[3] Dkt. 67.

seeking fees and costs in connection with five proceedings since mid-2022.[4] The defendants objected to nearly half of the amounts due. The senior lawyers for both sides have met and conferred, and that process resulted in compromises on some issues. The defendants continue to object to time entries representing approximately 22% of the amount sought by Javice.

The defendants' remaining objections to the Rule 88 Motion challenge three categories of time entries:

- Work performed in connection with Javice's six counterclaims asserted in the District of Delaware (the "Counterclaims Objection");

- Work performed in connection with the pursuit of insurance coverage (the "Insurance Work Objection"); and

- Work logged through "round-hour" billing entries (the "Round-Hour Objection") and "block-billing" entries by Javice's counsel (the "Block-Billing Objection").

### A. The Counterclaims Objection

Javice asserted six counterclaims in the District of Delaware action, *JPMorgan Chase Bank, N.A. v. Javice, et al.*[5]

- Counterclaim 1 sought nine declarations, including a declaration that Javice was improperly terminated under her employment agreement.[6]

- Counterclaim 2 asserted that JP Morgan breached the employment agreement.[7]

---

[4] Dkt. 80, Barlow Aff., Ex. 1A at 1.

[5] Dkt. 80, Ex. 1 (Case No. 1:22-cv-01621-MN (D. Del. Feb. 27, 2023)).

[6] *Id.* ¶¶ 107–10.

[7] *Id.* ¶¶ 111–18.

- Counterclaim 3 asserted that JP Morgan breached the payment-direction agreement.[8]

- Counterclaim 4 asserted that JP Morgan breached the implied covenant of good faith and fair dealing contained in the employment agreement.[9]

- Counterclaim 5 asserted that JP Morgan breached the implied covenant of good faith and fair dealing contained in the payment-direction agreement.[10]

- Counterclaim 6 asserted that JP Morgan took retaliatory actions against Javice.[11]

In her complaint, Javice did not seek advancement in connection with these counterclaims. Consequently, I did not address her entitlement to advancement in connection with these counterclaims in my May 8 Ruling.

Javice argues that I already ruled that she is entitled to advancement for the "Subsequent Investigation and Dispute," defined by the plaintiff to include the defendants' investigation of Javice and "any other potential or threatened claims relating to Plaintiff's conduct prior to or in connection with the Merger as an officer of TAPD or following the Merger as an employee of JPM Morgan Bank or an affiliate."[12] But the truth is that I was not presented with this issue and did not rule on it. The broadly worded language in the *Fitracks* Order cannot cover up that fact.

---

[8] *Id.* ¶¶ 119–28.

[9] *Id.* ¶¶ 129–37.

[10] *Id.* ¶¶ 138–45.

[11] *Id.* ¶¶ 146–56.

[12] Dkt. 85 at 3 (citing Dkt. 1 ¶ 6; Dkt. 26 at 24 (Pl.'s Mot. for Summary Judgment); Dkt. 26, Proposed Order); *see Fitrack* Order at 1–2.

3

Javice cannot shoehorn a claim for entitlement to fees incurred in connection with these counterclaims into the Rule 88 Motion.

Javice argues that the work incurred in support of the counterclaims would have been done in connection with the other claims subject to advancement.[13] Under Delaware law, "if the fees would have been incurred independently in defense of the advanceable proceeding, such fees are wholly advanceable, even though the fees also were useful or applicable in a non-advanceable proceeding."[14] Javice states "[t]he process of preparing the Counterclaims required a factual investigation that encompassed the rationale for the deal, discussions regarding JPMorgan's investment thesis, the merger diligence process, and the nature of the synthetic data project. . . .Whether or not Javice filed the Counterclaims, counsel would have performed the same, or substantially similar work, in preparing Javice's defense."[15]

It is extremely difficult for me to assess, on this record, whether the work billed in connection with the counterclaims would have been necessary in connection with the claims subject to advancement. This difficulty is due in part to the fact that Javice did not claim advancement for the counterclaims, so I lack the level of argument needed to determine the factual overlap between those claims and the advanceable matters.

The Counterclaims Objection is sustained.

---

[13] Pl.'s Opening Br. at 17–18.

[14] *Holley v. Nipro Diagnostics, Inc.*, 2015 WL 4880418, at *2 (Del. Ch. Aug. 14, 2015).

[15] Pl.'s Opening Br. at 18.

At this stage, Javice could seek leave to amend her complaint to add a claim for entitlement to advancement in connection with this category of expenses. The defendants could reassert the arguments made in connection with the Rule 88 Motion in response. There might be other ways to resolve this issue, including a negotiated resolution. But a Rule 88 motion is not the appropriate vehicle for presenting this issue to the court for resolution.

### B. The Insurance Work Objection

Javice demanded advancement for the expenses she incurred in attempting to obtain insurance coverage after JP Morgan refused her demand.[16] In her complaint, Javice did not seek advancement in connection with this category of billing entries. Consequently, I did not address her entitlement to advancement for this issue in my May 8 Ruling. Javice argues that fees incurred in pursuit of insurance coverage are included in fees-on-fees, but that is not so. Fees-on-fees do not cover fees incurred in this action. Once again, Javice cannot shoehorn this request into a Rule 88 Motion.

As with the Counterclaims Objection, Javice could seek leave to amend her complaint to add a claim for entitlement to advancement in connection with the insurance work. The defendants can reassert their arguments made in connection with the Rule 88 Motion in response. Again, a Rule 88 motion is not the appropriate vehicle for presenting this issue to the court for resolution.

---

[16] *Id.* at 22–25.

### C.      The Round-Hour And Block-Billing Objections

The defendants argue that certain "round-hour" billing entries should not be advanced because it is "mathematically improbable that 44% of [the time-keeper's] time was spent in round hours if time was being properly recorded in six-minute increments."[17]  JP Morgan argues that statistics indicates that "approximately 10% of entries should be round hours[.]"[18]  Javice asserts that the time-keeper's entries were a product of how the time-keeper structured his day.[19]  To this assertion, the defendants argue that after they brought up the issue to Javice, the time-keeper's entries no longer were disproportionately whole numbers.[20]

The defendants also argue that certain time entries constitute "egregious" block-billing, which has prevented the defendants from assessing the reasonableness of the advancement demand.[21]  In support of their block-billing objection, the defendants point to a single District of Delaware case that concerned an award of attorney's fees, not advancement.[22]

---

[17] Dkt. 82 ("Defs.' Answering Br.") at 31–32.

[18] *Id.*

[19] Pl.'s Opening Br. at 29.

[20] Defs.' Answering Br. at 31–32 (citing Pl.'s Opening Br. at 29).

[21] *Id.* at 32–33.

[22] *Id.* (citing *Blattman v. Siebel*, 2021 WL 7411946, at *4 (D. Del. Aug. 10, 2021) (Special Master's Report and Recommendation), *adopting report and recommendation as modified*, 2021 WL 7209226 (D. Del. Dec. 6, 2021)).  In *Blattman*, the court found that its ability to adequately review invoices had been stymied by counsel's use of block-billing and redactions.  2021 WL 7411946, at *4.  The alleged block-billing here was not combined with redactions that would stymie review.

This court has held that "[a]dvancement is not the proper stage for a detailed analytical review of the fees, whether in terms of the strategy followed or the staffing and time committed."[23] With a good faith certification from counsel, fees are generally advanced.[24] Counsel certified that the fees incurred were actually incurred and that they were reasonable, and the court has no reason to doubt that averment at this stage of the proceedings.[25] The defendants' objections to these categories of expenses are overruled.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Chancellor

cc:     All counsel of record (by *File & ServeXpress*)

---

[23] *Duthie v. CorSolutions Med., Inc.*, 2008 WL 4173850, at *2 (Del. Ch. Sept. 10, 2008).

[24] *Id.*

[25] Dkt. 80, Barlow Aff. ¶¶ 4, 10.